IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Clark M. Myles, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| -*vs*- ) | No. |
| ) | |
| Thomas Dart, Sheriff of Cook ) | *(jury demand)* |
| County, and Cook County, Illinois ) | |
| ) | |
| *Defendants.* ) | |

## COMPLAINT

Plaintiff, by counsel, alleges as follows:

1. This is a civil action arising under 42 U.S.C. § 1983. The jurisdiction of this Court is conferred by 28 U.S.C. § 1343.

2. Plaintiff Clark M. Myles is a resident of the Northern District of Illinois.

3. Defendant Thomas Dart is the Sheriff of Cook County; plaintiff sues Dart in his official capacity.

4. Defendants Cook County, Illinois and Dart are jointly responsible for the dental needs of detainees at the Cook County Jail.

5. Defendant Cook County is also joined in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d 947 (7th Cir. 2003). Plaintiff's claims against Cook County are not limited to indemnification.

6. In 2007, defendant Cook County reduced the dental services it provided to detainees at the Cook County Jail; the County reduced the number of general dentists employed at the Jail and eliminated the position of oral surgeon.

7. In June of 2011, the Chief of Dental Services at the Jail informed the persons entrusted by Cook County with final decisionmaking authority for the allocation of medical resources at the Cook County Jail that it was "absolutely necessary" that the County employ an oral surgeon to work at the Jail.

8. Defendant Cook County turned a blind eye to the need to employ an oral surgeon to work at the Jail.

9. By the time plaintiff entered the Jail in December 2, 2014, the County had not hired an oral surgeon to work at the Jail.

10. At all times relevant, defendant Cook County sought to satisfy its duty to provide essential oral surgeon services to detainees at the Cook County Jail through oral surgeons employed by the County at Stroger Hospital.

11. The Sheriff is responsible for transporting detainees from the Jail to Stroger Hospital.

12. At all times relevant, the Sheriff has limited the resources for transporting detainees to Stroger Hospital so that it was not possible to transport to Stroger Hospital all detainees scheduled for treatment there, including those scheduled for treatment by an oral surgeon.

13. Plaintiff, while detained at the Jail, began to experience severe tooth pain in mid to late December of 2014.

14. To secure treatment for his severe tooth plain, plaintiff submitted several written Health Service Request Forms.

15. A dentist at the Jail examined plaintiff in early January of 2015. The dentist took x-rays, prescribed an antibiotic and pain medication, and told plaintiff that he would return to the dental clinic for further treatment in about a week.

16. Plaintiff was able to manage his tooth pain with the medication prescribed by the dentist until the prescription for pain medication expired after one week.

17. Plaintiff was unable to obtain pain medication after expiration of the original prescription until he next saw the dentist.

18. Plaintiff returned to the dental clinic about three weeks after his original visit.

19. At his second visit to the dental clinic, a dentist examined plaintiff and informed him that an impacted wisdom tooth required removal; the dentist also told plaintiff that this treatment was available only from an oral surgeon at Stroger Hospital.

20. Thereafter, the pain in plaintiff's wisdom tooth increased; plaintiff submitted two Health Service Request Forms complaining about the dental pain.

21. Plaintiff again saw a dentist at the Jail in the beginning of February 2015. The dentist took x-rays, prescribed pain medication and an antibiotic, and told plaintiff that he would schedule a return visit as soon as possible.

22. Plaintiff next saw a dentist at the Jail on or about February 25, 2015. At the time of that visit, plaintiff was in constant, extreme pain. The dentist told plaintiff that he would extract the bottom left wisdom tooth.

23. The dentist was unable to extract the wisdom tooth, which broke while he was trying to extract it; the dentist told plaintiff that he required the services of an oral surgeon to complete the extraction and that he would schedule plaintiff to see an oral surgeon at Stroger Hospital.

24. Plaintiff finally saw an oral surgeon at Stroger Hospital on or about March 20, 2015; the oral surgeon completed the extraction of the wisdom tooth.

25. As a result of the foregoing, plaintiff experienced severe and gratuitous pain while waiting to be seen by an oral surgeon and was thereby deprived of rights secured by the Fourteenth Amendment to the Constitution of the United States.

26. Plaintiff hereby demands trial by jury.

WHEEREFORE, the Plaintiff requests that judgment be entered against defendants for appropriate compensatory damages, plus attorney fees and costs.

/s/ Kenneth N. Flaxman
Kenneth N. Flaxman
ARDC No. 08830399
Joel A. Flaxman
200 South Michigan Ave Ste 201
Chicago, Illinois 60604
(312) 427-3200
*Attorneys for Plaintiff*